## JOHN HUFFMAN v. JOHN D. PARSONS.

DAMAGES FOR CONVERSION OF PROPERTY; *Defense*. Where the defendant is sued for $85, as damages for forcibly taking and carrying away and converting to his own use a wagon, alleged to be worth $85, and alleged to be the property of the plaintiff, the defendant may set up and show that H., a third person, in fact owned the wagon and had the right of possession thereto, and that all that the defendant did with reference to said wagon, was done as the agent of H., and that when the defendant took said wagon from the possession of the plaintiff, he did so in the presence of H., and by his direction; and if the defendant shows this, the plaintiff will not be entitled to recover for the value of the wagon as damages.

### *Error from Neosho District Court.*

ACTION brought by *Parsons* against *Huffman,* to recover the sum of $85, for the alleged seizure and conversion by *Huffman,* of a two-horse lumber wagon, of the value aforesaid, which wagon *Parsons* claimed as his own property. Trial at the April Term, 1877, of the district court, and judgment for plaintiff. New trial denied, and defendant brings the case here.

*T. C. Cory,* and *L. Stillwell,* for plaintiff in error:

There is no substantial difference in principle between the action brought by Parsons, which would have been called trover at the common law, and the action of replevin under our statute. The latter indeed may be regarded as a combination of the two. The object and desire of the plaintiff, in bringing an action of replevin, is to have the specific thing returned to him, with or without damages for its detention, yet, in the event of his failure to have said specific thing returned to him, under the judgment the law authorizes to be rendered, he gets its value. In actions similar to the one at bar, the plaintiff relinquishes his right to have the specific thing returned to him, and simply demands its worth in money. But in both cases, the main question involved is one of ownership, either general or special, of the chattel in

controversy. The plaintiff's right to recover is based on his primary right of property to said chattel, and the wrongful invasion of said right by the defendant. The court has decided that the defendant in replevin can defeat the plaintiff in such action by proving that the property in controversy belongs to a third person. (*Wilson v. Fuller,* 9 Kas. 192; *Shellabarger v. Nafus,* 15 Kas. 552.) Why should not the defendant have the same right in actions similar to the case at bar?

Proof of property in a third person is a full and complete defense to an action of this kind. See Pomeroy's Remedies, §§ 671 and 677, and authorities cited in notes 5 and 1 to § 677. (2 Greenl. on Ev., § 648.)

So far as the legal effect of the notes which plaintiff in error sought to introduce in evidence is concerned, obligations of a similar character have received a construction by this court with which we are content. (*Sumner v. McFarlan,* 15 Kas. 600; *Hallowell v. Milne,* 16 Kas. 65.)

*Hutchings & Denison,* for defendant in error:

Counsel for plaintiff in error argue this case in this court upon the theory that it is an action of trover. We insist, however, as we did in the court below, that it is an action of trespass *de bonis asportatis.* (Bouv. Law Dic.; title, *Trespass—Trover.*) If we are correct in this, then the argument of plaintiff in error falls to the ground, for in "trespass *de bonis asportatis* the defendant cannot show property in a stranger, though it is otherwise in trover." *Aikin v. Buck,* 1 Wend. 466; *Brown v. Artcher,* 1 Hill. 266; *Tallman v. Jones,* 13 Kas. 438; 7 Yerg. (Tenn.) 381; 1 Hilliard on Torts, p. 516, § 17, and cases cited.

The opinion of the court was delivered by

VALENTINE, J.: A motion has been made in this court to dismiss the petition in error, because it is founded upon what purports to be merely a *copy* of a case-made, and is not founded upon the *original* case-made. Since said motion was

made, the plaintiff in error has filed with his petition in error the *original* case-made. The motion will be overruled.

This action was commenced originally in a justice's court, and taken on appeal to the district court. The only pleading filed in the case, was the plaintiff's (defendant in error's) bill of particulars. In this bill of particulars, the plaintiff alleged, among other things, that the defendant (plaintiff in error) "unlawfully, and with force, seized, took, and carried away," "one two-horse lumber wagon, of the said plaintiff, of the value of eighty-five dollars," "and converted and disposed of the same to his own use, to the damage of the said plaintiff, $85;" and prayed for judgment for that amount.

The case was tried before a jury. "The plaintiff stated the nature of his case [to the court and jury] and the evidence which he expected to offer; and the defendant stated, by his counsel, the nature of his defense in substance as follows: That said defendant expected to swear, that prior to the commencement of this action, one William Orr bought on credit the wagon in controversy; that he gave his notes for it, which notes contained a promise in substance, that the title to said wagon should not pass to said Orr, till said notes were paid; that said notes were not paid; that the defendant, under the direction and at the instance of the owner of the wagon, took said wagon into his possession; that defendant, among other things, expected to prove that plaintiff was not the owner of said wagon at the time this suit was commenced."

The plaintiff then introduced his evidence, showing that on February 7, 1877, he had the possession of said wagon, claiming it as his own, and that on that day the defendant Huffman, and O. L. Hall came upon the plaintiff's premises, and took the wagon from his possession, and never returned it, and that it was worth $85.

The defendant then offered to introduce his evidence, and a small portion thereof he did introduce, but the court below excluded the greater portion thereof. This evidence was excluded upon the ground that, as Huffman did not claim to own or have any interest in the wagon, he could not show

that Hall or any other person owned the wagon, or that what he (the defendant) did, was done merely as the agent or servant of Hall, or of any owner of the wagon. The defendant claimed that said Hall owned said wagon, and had the right to the possession thereof, and that all that the defendant did was done at the instance and request, and by the direction of Hall, who was personally present all the time. The defendant attempted to prove this in various ways, but the plaintiff, in all cases, objected to the evidence, because, as he claimed, it was "irrelevant, incompetent, and immaterial," and the court below sustained the objection, and excluded the evidence. Among other things, the defendant offered to introduce said notes in evidence, but the plaintiff objected, assigning, as the ground of his objection, that said papers were "irrelevant, incompetent, and immaterial." The court sustained the objection, and to the ruling of the court the defendant at the time duly excepted. Thereupon the defendant recalled the witness, O. L. Hall, and said defendant, by his attorneys, stated to the court in open court that said defendant desired, and offered to prove, by said witness Hall, that said Hall, at the time of the alleged taking and conversion of the wagon mentioned in plaintiff's bill of particulars, was the owner of said wagon, and had the right of possession thereto; and all that defendant did in the matter of taking said wagon, was simply at the instance and direction of said Hall. The court in reply to said proposition, told defendant's attorneys to put such questions as they desired to their witnesses, and the court would pass upon the questions. Thereupon said defendant's attorneys asked the witness, O. L. Hall, the following question:

"You may state what you know, if anything, about the ownership of the wagon in controversy, on the 7th of February, 1877?"

The plaintiff, by his attorneys, objected to the question, on the ground that it was irrelevant, incompetent, and immaterial. Thereupon counsel for defendant stated to the court that they did not expect to prove that Huffman was the

owner of the wagon, but that they expected to prove that Hall was the owner, and that what Huffman did with the wagon was at the instance and direction of Hall, and as Hall's agent. The court announced that any individual interest of Huffman to the wagon could be shown, but ruled and held that the interest of a third person, not a party to the suit, could not be shown in defense of the action. And thereupon the the court sustained the objection, and to the ruling of court the defendant at the time duly excepted. Thereupon defendant's attorneys asked said witness Hall the following question:

"State what interest, if any, you had in the wagon in controversy at the time of the alleged taking thereof by the defendant?"

The plaintiff objected to the question, on the ground that it was irrelevant, incompetent, and immaterial. The court sustained the objection, and to the ruling of the court the defendant at the time duly excepted. Thereupon the attorneys for defendant asked said witness the following question:

"State whether or not you ever had said wagon in your possession prior to the 7th of February, 1877?"

The plaintiff objected to the question, on the ground that the same was irrelevant, incompetent, and immaterial. The court sustained the objection, and to the ruling of the court the defendant at the time duly excepted. Thereupon the defendant, by his attorneys, asked the witness the following question:

"State what claim, right, or title, if any, and the nature thereof, which you had to the wagon in controversy at the time of the alleged taking thereof by the defendant?"

The plaintiff objected to the question, on the ground that it was irrelevant, incompetent, and immaterial. The court sustained the objection, and to the ruling of the court the defendant at the time duly excepted. Thereupon the witness was permitted to retire, and the defendant John Huffman, being produced and sworn as a witness in his own behalf, testified as follows: ". . . I took the wagon away from Mr.

Parsons's premises." Thereupon the defendant, by his attorneys, asked the witness the following question:

"State at whose instance, request and direction, if by any one, you took the wagon away?"

The plaintiff objected to the question, on the ground that it was irrelevant, incompetent, and immaterial. The court sustained the objection, and to the ruling of the court the defendant at the time duly excepted. Thereupon the defendant, by his attorneys, asked the witness the following question:

"State what you know, if anything, with reference to any claim or interest that O. L. Hall had in said wagon at the time you took the same?"

The plaintiff objected to the question, on the ground that it was irrelevant, incompetent, and immaterial. The court sustained the objection, and to the ruling of the court the defendant at the time duly excepted.

Other questions of the same character but in different words were asked, but not allowed to be answered.

The court below charged the jury, among other things, as follows:

"If the plaintiff was the owner of the property, or held the same in his possession under some claim of title, and the defendant forcibly took the same from his possession, the plaintiff is entitled to recover, unless the defendant had some ownership, claim or interest in the same. The defendant cannot defeat the plaintiff's right to recover by merely showing that the property was owned by a third person."

And the court below refused to give the following instruction, which the defendant asked to have given, to wit:

"If you believe from the evidence that at the time of the alleged taking by the defendant of the wagon mentioned in plaintiff's bill of particulars, one O. L. Hall was the owner of said wagon and had the right of possession thereto, and that said defendant in taking said wagon was duly acting under the direction and instruction of said O. L. Hall, and in his presence, and on behalf of said Hall, then you should find for the defendant."

The jury found a verdict in favor of the plaintiff and against the defendant, and assessed the damages at $85. The

defendant then moved for a new trial upon all the various statutory grounds, which motion the court overruled, and the defendant then brought the case to this court.

We think the judgment of the court below must be reversed. If Hall owned said wagon and had the right of possession thereto at the time it was taken, and if the defendant acted under Hall and in his presence in taking the same, he is certainly not liable for the value thereof. (*Hutchinson v. Lord*, 1 Wis. 249.) And it makes no difference what the action may be called, whether trover and conversion, trespass *de bonis asportatis*, or a "civil action" under the code of civil procedure. (Gen. Stat. 631, § 10.) Hall's agent would not be liable for any greater amount for taking the wagon than Hall himself would be. If Hall had a right to the wagon, Huffman was not a mere wrong-doer. Hall's right for the time being was extended to Huffman, and Huffman was entitled to rely upon Hall's right. If any wrong was committed in connection with the taking of the wagon, Hall and Huffman would both be liable for that wrong, but the measure of the damages would not be the value of the wagon. If Hall had the paramount right to the wagon (and this the defendant offered to prove), then the taking of the wagon was, in the abstract, right.

We shall not comment upon the various possible questions that may hereafter arise when all the evidence shall be introduced, for we cannot tell what evidence may be introduced. It may turn out that Hall is not the owner of the wagon.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.