VICKREY v. CITY OF SIOUX CITY et al.

(Circuit Court, N. D. Iowa, W. D. April 22, 1902.)

**1. MUNICIPAL BONDS—BONDS ISSUED AGAINST SPECIAL ASSESSMENTS—LIABILITY OF CITY.**

Bonds issued by a city in Iowa of the first or second class, under and in conformity with Acts 25th Gen. Assem. c. 9, which authorizes such cities to issue bonds payable only out of special assessments that have been levied to pay the cost of street improvements, in an aggregate amount, which, with interest, shall not exceed the amount of the special assessment, and which, further, requires that the bonds shall express on their face that they are issued under such act, and that they are payable only out of the special assessments levied for the improvement of certain streets, do not constitute obligations binding the city as the original debtor, but the liability of the city is limited to the proper collection and application of the special assessments pledged for their payment.

**2. SAME—STREET IMPROVEMENT BONDS—IOWA STATUTE.**

Acts 20th Gen. Assem. Iowa, c. 20, which authorizes cities of the first class to improve streets and assess the cost upon abutting property, and also to issue bonds to defray such cost in the first instance, contains no provision that such bonds shall be payable only out of the funds realized from such assessments; and where neither the bonds themselves, nor the ordinance authorizing the same, contain such a declaration, but the bonds purport to be obligations of the city, it is bound for their payment at maturity, regardless of the condition of the special fund which the act requires it to create for their payment from the special assessments made.

In Equity. Suit on municipal bonds. On exceptions to master's report.

Wright, Call & Hubbard, for complainant.

John N. Weaver and Bevington & Kennedy, for defendants.

SHIRAS, District Judge. This suit is based upon two classes of bonds issued by the city of Sioux City, the one class being issued under the authority conferred by the act of the 20th general assembly of the state of Iowa approved March 15, 1884, and the ordinance of the city adopted May 19, 1886, and the other class being issued under the provisions of the act of the 25th general assembly of the state approved April 24, 1894, and the ordinance of the city adopted June 24, 1894. The general purport of the bill filed is set forth at length in the opinion of this court upon demurrer to the bill, which will be found in 104 Fed. 164. The issues having been joined, the case was sent to J. H. Quick, Esq., as a special master to take the evidence and report his findings of fact and law thereon, and, his report having been filed, it has been excepted to by the defendants, and upon these exceptions the case is now before the court. The master finds that the subject-matter of the suit consists of two classes of bonds known as "district improvement bonds" and as "refunding improvement bonds," and holds, as a conclusion of law, that the district improvement bonds constitute general obligations of the city, for the payment of which the city is unconditionally liable, but that the refunding bonds do not impose an absolute liability on the city, the liability of the city being confined to the duty of levying, collecting, and properly accounting for

the special tax provided for in the act of the general assembly, under the authority of which this class of bonds was issued.

The act under which the latter class of bonds was issued, being chapter 9 of the Acts of the 25th General Assembly, declares that the city council of any city of the first or second class shall have power to issue bonds payable only out of special assessments that have been levied to pay the cost of street improvements, in an aggregate amount which, with the interest thereon, shall not exceed the amount of the special assessment; it being further provided that the bonds shall express on their face that they are issued under the provisions of this act, and that they are payable only out of the special assessments levied for the purpose of paying for street improvements in certain streets. The bonds of this class, sued on in this case, recite on their face that they are issued under the provisions of chapter 9 of the Acts of the 25th General Assembly of the State of Iowa, the act being printed in full upon the back of the bond, and that they are payable only out of the special assessments levied for the purpose of paying for street improvements upon certain streets and alleys named in the bond. Under these circumstances the master rightly held that bonds of this class did not constitute obligations binding the city for the payment of the bonds as original obligations issued by the city, but that the liability of the city was limited to the proper collection and disposition of the special assessments pledged for the payment of the indebtedness represented by the several bonds.

With respect to the class of bonds denominated "district improvement bonds," the face of which reads as follows:

"United States of America, State of Iowa.

"County of Woodbury, City of Sioux City. Improvement Bond Series ———, District No. ——.

"The city of Sioux City, in the state of Iowa, for value received promises to pay to ——— or bearer, at the Chemical National Bank in the city of New York, on the ——— day of ———, A. D. 18—, the sum of ——— dollars, with interest at the rate of six per cent. per annum from date, payable semiannually on the ——— day of ———, and ——— day of ——— in each year, on the presentation and surrender of the interest coupons hereto attached. This bond is issued by the city of Sioux City under and in conformity with the provisions of chapter 20, Acts of the 20th General Assembly of the State of Iowa, approved March 15, 1884, and under and by virtue of the ordinance of the city of Sioux City passed May 11th, 1886, and approved May 19, 1886, empowering said city to pave, curb, or otherwise permanently improve its streets, highways, avenues and alleys, and a resolution of the city council of said city of Sioux City passed ———, 18—, and approved ———, 18—, and for the purpose of defraying the cost of ———, a portion of ———, in district No. ——, which is chargeable to the property abutting thereon; and the last four installments of the special taxes and assessments assessed and levied, or to be assessed and levied, as authorized by the aforesaid statute and ordinance, on the lots and lands abutting on the aforesaid, ——— shall be and constitute a sinking fund for the payment of this bond and interest thereon, and to be used and appropriated to no other purpose until this bond, with interest thereon, shall have been paid and fully discharged, copies of which said act and of said ordinance, and the resolution authorizing this bond to be issued, are printed on the back of this bond. In testimony whereof, the city council of the city of Sioux City has caused this bond to be signed by the mayor thereof and attested by the city auditor, with the seal of said city affixed, this ——— day of ———, A. D. 18—.

"———————, Mayor of City of Sioux City.

"Attest: ———————, City Auditor."

—The solution of the question whether they constitute original obligations on part of the city, binding it primarily for the payment of the sum called for on the face of the bond, must be sought in the construction to be given to the provisions of the act of the 20th general assembly of Iowa which authorized the issuance of the bonds in question.

The first section of the act confers upon cities of the first class power to open and improve the streets, alleys, and other highways, and to levy a special tax on the lots and lands abutting on the portion of the street or highway so improved to pay the expenses thereof. In section 3 it is declared that, for the purpose of effectuating the objects named in the first section, the city shall have power to create, by ordinance, improvement districts, and that the cost of the street improvements within each district, except the spaces in front of city property and any other property exempt from special taxes, and except spaces in front of alleys and the street intersections, and the cost of paving between and about the rails of railroads and street railways, shall be assessed upon the abutting property in proportion to the front feet abutting on the improvement made, the special tax thus levied to become delinquent, one-fifth in 90 days after such levy, one-fifth in 2 years, one-fifth in 4 years, one-fifth in 6 years, and one-fifth in 8 years after the date of the levy. It is further provided that in case of omissions, errors, mistakes, or in case of deficiencies, it shall be competent for the council to make a supplemental assessment and levy to make good the deficiencies, such supplemental tax to be payable in the same manner and in the same installments as the original levy; it being further declared that said taxes shall constitute a sinking fund for the payment of the costs of the improvement and of any bonds issued to pay the cost thereof.

There is not to be found in the act any express declaration that the bonds issued are payable only out of the funds realized from the special assessments provided for in the act, nor is such declaration to be found in the language of the bond itself. According to the terms of the act, the series of bonds authorized to be issued must be made payable within the time limited therein, the last series not to extend beyond eight years from its date. With respect to the taxes, the installments forming the sinking fund become delinquent in two, four, six, and eight years from the date of the levy thereof; but it is a matter of common knowledge that these special assessments are never fully paid at the date of maturity, but quite a percentage thereof is not paid until the property liable is advertised for sale, and another percentage is not realized until after the sale thereof has been had; and, further, the supplemental assessment provided for in the act cannot be made payable except as is provided in case of the original assessment, and the final collection of the last series of the supplemental tax may not be possible for fully eight years after the maturity of the bonds issued under the act.

It cannot be well held that the legislature, in authorizing the issuance of bonds and limiting the time for their maturity and payment to a period not to exceed eight years for the last series thereof, nevertheless intended to limit the source of payment to a levy of a tax which could not be collected in whole within the period fixed for the maturity

of the bonds, but which might exceed that period by many years. If that had been the intent of the legislature we should expect to find in the act language in terms similar to that found in the act of the 25th general assembly, wherein it is expressly declared that the bonds to be issued under that act are payable only out of the funds realized from the special assessments. In the absence of such express declaration, the case is ruled by the doctrine laid down by the supreme court in U. S. v. Ft. Scott, 99 U. S. 152, 25 L. Ed. 348, wherein it is said:

"The agreement is that the city shall pay the interest and principal at maturity. There is no reservation, as against the purchasers of the bonds, of a right, under any circumstances, to withhold payment at maturity, or to postpone payment until the city should obtain, by special assessment upon the improved property, the means with which to make payment, or to withhold payment altogether, if the special assessments should prove inadequate for payment. * * * If the corporate authorities intended such to be the contract with the holders of the bonds, the same good faith which underlies and pervades the statute of March 2, 1871, requires an explicit avowal of such purpose in the bond itself, or in some other form, by language brought home to the purchaser, which could neither mislead nor be misunderstood."

There is not to be found either in the act of the 20th general assembly, or in the ordinance of the city based thereon, or in the terms of the bonds themselves, any declaration to the effect that the holders of the bonds can look only to the funds realized from the special assessments for the payment of the bonds, and the express promise to pay on part of the city which is set forth in the bonds cannot be limited by the inferences sought to be drawn from the fact that the act of the legislature provides for the creation of a sinking fund, consisting of the funds derived from the special assessments, to be used only for the payment of the costs of the improvements, including the bonds issued to meet the cost.

The exceptions to the report of the master are therefore overruled, so far as the same present the questions passed upon in this opinion, it having been agreed at the hearing that all other matters arising in the case should be heard hereafter.