GROSS, Appellant, v. CITY OF BOWDLE, et al., Respondent.

(182 N. W. 629.)

(File No. 4800.   Opinion filed April 25, 1921.)

**Municipal Bonds—Special Assessment Sewer Bonds, Whether a Debt Under Constitutional Limitations—Bond Election, Non-necessity For.**

A complaint alleging that the city authorized and established a special assessment district for construction of sewer system and legally spread an assessment therefor against abutting lots, and specifying amount of assessment therefor against each lot, pursuant to statute, and that by ordinance such assessment should be divided into annual installments, and provided for municipal bonds to raise a fund to pay cost of sewer construction, without an election authorizing same, that such bond issue would exceed the city's limitation of indebtedness, and that plaintiff is a tax payer, etc,. was properly sustained on demurrer, against the objection that such alleged debt was one within Const., Art. 13, Sec. 4, limiting city indebtedness to five per centum on assessed valuation of its taxable property; said constitutional provision being inapplicable to said proposed bond issue, since they were to be issued pursuant to Sec. 6409, Code 1919, providing for a division of such special assessment into installments and for issue of bonds to pay for construction of such sewerage; nor would an election be necessary to authorize issuance thereof, the purpose of such bonds being simply to fund said special assessment, which latter constituted the real indebtedness and source of payment thereof.

Action by John Gross against the City of Bowdle, a municipal corporation, C. W. Young, as Mayor, A. A. Steltzer, as City Auditor, and H. C. Baer, as City Treasurer of said City, to enjoin a sale of certain special assessment sewerage bonds of said City. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Williamson, Williamson & Smith,* for Appellant.

*McNulty & Campbell,* for Respondent.

Appellant cited:    Sec. 6413, Code 1919; Ottumwa v. City Water Supply Co., 119 Fed. 315; 59 L. R. A. and note.

Respondent cited:    Nat. Life Ins. Co. v. Mead, 13 S. D. 37; 82 N. W. 78; 79 Am. St. Rep. 876; 48 L. R. A. 785; In re Rural Credits Law, 38 S. D. 635; 162 N. W. 536; Hyde v. Ewert, 16 S. D. 133, 91 N. W. 474.

McCOY, J.    From an order sustaining a demurrer to the complaint, on the ground that the same failed to state a cause of action against the defendants, plaintiff appeals.    This appeal involves the constitutionality of certain bonds proposed to be issued by and on behalf of defendant city.    Appellant contends that said bonds will be illegal and unconstitutional in that there has been no majority vote of the electors of said municipality authorizing the same, and that a debt would thereby be created in excess of the constitutional limit by virtue of the provisions of section 4, art. 13, State Constitution.    Respondent contends that the said constitutional provisions have no application to the issuance of the bonds in question.    We are of the opinion that respondent is right in its contention.    It appears from the allegations of the complaint that the said city of Bowdle duly authorized and established a special assessment district for the construction of a certain sewer system, and duly and legally made a special assessment and special assessment roll assessing the cost of construction of said sewer against each and every lot and parcel of land fronting and abutting upon the streets and alleys upon and along which said sewer system is to be constructed, designating the names of the respective owners, describing each lot and parcel of land, and the specific amount of the special assessment against each lot and parcel of land, in the manner provided by law; and did by ordinance provide that such special assessments should be divided into 10 equal annual installments; that thereafter the said city did by ordinance provide for the issuance of the bonds in question for the purpose of paying and funding the cost of the construction of said sewer without any election authorizing the same; that by the issuance of said bonds the constitutional limit of indebtedness of said city would be exceeded by at least $75,000; and that appellant is a taxpayer owning property not within the said sewer district and which would not be affected by said special assessments.

It is conceded that said bonds were to be issued under and

by virtue of the provisions of section 6409, Code 1919. We are of the opinion that the learned trial court properly sustained the demurrer to said complaint. The issuance of said bonds, under the circumstances, would not constitute a "debt" within the meaning of the said constitutional provisions; nor would an election be necessary to authorize the issuance thereof. These bonds are to be issued only for the purpose of funding the said special assessments which special assessments constitute the real indebtedness. These bonds will be paid by the funds to be collected from the said special assessments, and not by any general taxes that might be assessed against the property of the appellant in other parts of the city not within the said special assessment district. In re Rural Credits Law, 38 S. D. 635, 162 N. W. 536; National Life Ins. Co. v. Mead, 13 S. D. 37, 82 N. W. 78, 48 L. R. A. 785; 79 Am. St. Rep. 876; Id., 13 S. D. 342, 83 N. W. 335; Walling v. Lummis, 16 S. D. 349, 92 N. W. 1063; Hyde v. Ewert, 16 S. D. 133, 91 N. W. 474.

The order appealed from is affirmed.