SUTTOR, Respondent, v. TOWN OF WETONKA, et al, Appellants.

(253 N. W. 64.)

(File No. 7631. Opinion filed February 23, 1934.)

*Case & Case,* of Watertown, for Appellant.
*Ira O. Curtiss,* of Aberdeen, for Respondent.

ROBERTS, P. J. The defendant town of Wetonka appeals from an order overruling demurrer to the complaint. The action is brought to recover the amount due upon three bonds issued by such defendant and held by the plaintiff. The complaint alleges that on January 1, 1920, the town of Wetonka for the purpose of procuring money to construct a waterworks system for fire protection and domestic use issued bonds in the aggregate sum of $29,000; that the amount of the bonds held by the plaintiff is due from the defendant town to the plaintiff and is unpaid; that demand has been made by the plaintiff that the town of Wetonka refund the bonds held by the plaintiff and others outstanding of the same series; that the town of Wetonka has failed and refused to pay the indebtedness or institute proceedings for the purpose of refunding the same; and that defendants Threshers' Indemnity Association of South Dakota and M. J. Cole are also holders of bonds of the series involved herein. The bonds set forth in the

complaint recite that "for value received, the incorporated Town of Wetonka, in McPherson County, South Dakota, promises to pay to the bearer * * * the principal sum of $3000 together with interest at the rate of five per cent per annum. * * * This bond is one of a series aggregating $29,000, issued and sold by the Town of Wetonka to procure money to construct a water works system for fire protection and domestic use in said town, and are issued in lieu of assessment certificates. That special assessments have been made against the property to be benefited thereby to pay the costs of construction and installation in said town of water works for fire protection and domestic use; that the board of trustees have by ordinance divided said special assessments into ten annual equal installments, and the issue of bonds is in an amount equal to the entire assessment, and provided that all amounts derived from such special assessments shall be used for the payment of such bonds and interest and for no other purpose; that before the levy of said special assessment, an assessment roll was filed, with the time and place of hearing thereon, duly appointed, and hearing duly heard thereon, and that said assessment was duly approved and levied as provided by law." The relief which is demanded in the complaint is that plaintiff be given judgment for the amount due upon the bonds or that defendant town be required to refund the bonds held by the plaintiff and others outstanding of the same series.

The rule is well settled that a purchaser of municipal bonds is held to know the constitutional and statutory provisions and restrictions bearing on the authority to issue them and is bound to take notice of all recitals in the bonds. 44 C. J. 1242; National Life Ins. Co., v. Mead, 13 S. D. 37, 82 N. W. 78, 48 L. R. A. 785, 79 Am. St. Rep. 876. It appears from the face of the bonds that they were issued for the purpose of procuring funds to construct a waterworks system; that they were issued in lieu of assessment certificates; that a special assessment had been made against the property benefited by the improvement; and that all amounts derived from the special assessment would be used for the payment of the bonds and interest.

The complaint does not seek to hold the town liable for a failure of any duty which the town or its officers owes to the plaintiff connected with the levy and collection of the assessment,

but to enforce payment thereof by the defendant town. The sole question presented for determination is the right of the plaintiff to a general judgment against the town for the amount of the bonds.

█ The defendant town was authorized to construct a waterworks system either by general taxation or by special assessment upon property benefited. Section 6394, Rev. Code 1919. It is apparent from the allegations of the complaint that the defendant town proceeded under the second method. Other provisions of the Revised Code of 1919 in force when the bonds were authorized and issued, so far as they are here pertinent, provided as follows:

"§ 6347. *Manner of Making.* No contract of any municipal corporation shall be valid unless authorized by a vote of the governing body, at a duly assembled meeting thereof; * * * and all contracts for local improvements for which special assessments are to be levied, except sidewalks and bulkheads, must be let to the lowest responsible bidder. * * *

"§ 6348. *Plans and Specifications—Bids—Notice.* Whenever any local improvement except a sidewalk or bulkhead shall be ordered by the governing body, it shall cause * * * notice thereof to be published in the official paper. * * * Such notice shall specify whether the improvement will be paid for in cash or by special assessment certificates, and, if by the latter, the rate of interest which such certificates will bear, which must not exceed seven per cent per annum."

"§ 6350. *Contract—Required Conditions.* When any bid is accepted the governing body shall direct a contract to be entered into with the successful bidder, and when the improvement is to be paid for by special assessment certificates, such contract shall provide that the contractor will receive in payment such certificates, bearing interest at the rate specified in the notice for bids, at their face value, to be issued as provided in this chapter."

"§ 6403. *Lien of Assessments.* All special assessments lawfully levied upon real property in any municipal corporation are a perpetual lien thereon as against all persons or bodies corporate, except the United States and this state, from the date of the filing of the certified copy of the assessment roll in the office of the city or town treasurer, as provided in section 6400.

"§ 6404. *Special Assessment Certificates.* Whenever the contract price of any local improvement is payable in assessment certificates, the city auditor or town clerk shall make a special assessment certificate for each lot, tract or parcel of land against which the assessment is levied, stating the amount thereof, the description of the lot, tract or parcel, the rate of interest and the date upon which interest thereon shall begin to accrue. * * *

"§ 6406. *Assessments May Be Divided into Installments.* Before any contract is let for any local improvement for which special assessments are to be levied, the governing body may, by ordinance, provide that such assessment shall be divided into any number of equal annual installments not exceeding ten."

"§ 6409. *Bonds Issued in Lieu of Assessment Certificates.* Whenever any special assessment is divided into installments, the governing body of the municipal corporation, in place of issuing assessment certificates as provided in section 6404, may issue its negotiable bonds in an amount equal to the entire assessment and sell the same at not less than par, with accrued interest, to pay the cost of the improvement; all such bonds shall mature not later than the maturity of the last assessment installment and bear such rate of interest, not exceeding five per cent per annum, payable annually or semi-annually, as the governing body may provide; and all amounts derived from the special assessment shall be used for the payment of such bonds and interest, and for no other purpose."

A "special assessment" is a charge against the specific property benefited, and the Legislature recognizing that in some instances the magnitude of a project may impose a considerable burden upon the owners of a property benefited made it possible to levy an assessment payable in installments over a term of years. Whenever a special assessment is divided into installments, section 6409 authorizes the governing body of a municipal corporation to issue in lieu of special assessment certificates bonds in the amount of the entire assessment and to sell them at not less than par with accrued interest. By sale of bonds postponement of the payment of the contractor is obviated. The proceeds from the assessment which otherwise would be applied in payment of assessment certificates becomes a source for the payment of the bonds.

The case of Gross v. City of Bowdle, 44 S. D. 132, 182 N. W. 629, was instituted to enjoin the sale of improvement bonds on the ground that a debt would be thereby created in excess of the constitutional limitation. This court there held: "The issuance of said bonds, under the circumstances, would not constitute a 'debt' within the meaning of the said constitutional provisions; nor would an election be necessary to authorize the issuance thereof. These bonds are to be issued only for the purpose of funding the said special assessments which special assessments constitute the real indebtedness. These bonds will be paid by the funds to be collected from the said special assessments, and not by any general taxes that might be assessed against the property of the appellant in other parts of the city not within the said special assessment district."

It is claimed, however, that the amount of the bonds does not constitute a debt within the constitutional limitation of indebtedness (Const. art. 13, § 4) for the reason that it must be presumed that an assessment has been made and will be enforced to the amount of the bonds; that the term "debt" as used in the Constitution is given a meaning much less comprehensive than it bears in general usage; and that although no constitutional indebtedness is incurred, yet the municipal corporation is the obligor named in the bonds and must fulfil the obligation imposed upon it. The statute authorizes the governing body of a municipal corporation to issue "its negotiable bonds." Each bond states that "for value received, the incorporated Town of Wetonka, in McPherson County, South Dakota, promises to pay to the bearer" the amount thereof. The statute directs that the amounts derived from the special assessment shall be used for the payment of bonds and interest, but there is no declaration that the bonds are payable only out of the fund derived from such source. United States v. Ft. Scott, 99 U. S. 152, 25 L. Ed. 348, a leading case, holds that the general liability of a municipal corporation is not limited if there is no declaration in the statute or in the bonds to the effect that they are payable only out of the funds realized from a special assessment. Other authorities to the same general effect are: Olmsted v. City of Superior (C. C.) 155 F. 172; Vickrey v. City of Sioux City (C. C.) 115 F. 437; State v. Fayette County, 37 Ohio State 526; Wyandotte v. Zeitz, 21 Kan. 467; Mutual Benefit Life

Ins. Co. v. City of Elizabeth, 42 N. J. Law, 235; Alexander v. Bailey (In re Refunding Bonds City of Red Cloud), 108 Neb. 717, 189 N. W. 365. The cases on this point, however, are in conflict and cannot all be reconciled. The question is one of legislative and municipal power and intention to be deducted from all the applicable statutory provisions. Dillon, Mun. Corp. § 893.

Conceding that a municipal corporation may assume an obligation to pay money without incurring a debt within the inhibition of the Constitution and that the decision of this court in Gross v. City of Bowdle, supra, is not here determinative, we think, however, that the statutory provisions applicable evidence a legislative purpose contrary to plaintiff's contention and that bonds issued under section 6409 do not constitute a general obligation on the part of the municipal corporation. The effect of the provisions of statute authorizing the issuance of certificates based upon a special assessment is that there is no obligation on the part of the municipal corporation to pay the certificates; the municipal corporation is the instrumentality to make the improvement and collect the assessment without primary liability on its part. The authority of the governing body to issue improvement bonds under section 6409 is in lieu of assessment certificates. It would seem that the intention of the Legislature that the entire expense of improvement should be paid by the property benefited where a special assessment is levied must be deemed a continuing one if there is no clear legislative expression to the contrary. The statute does not expressly pledge the credit of a municipal corporation or make the bonds payable out of its general funds. Although the town may have had power and could properly have contracted to pay for the improvement from its general funds, the decision of the governing body was to make the improvement at the expense of the property benefited by the levy of a special assessment. The purpose, as we have before stated, of issuing the improvement bonds is to raise money to make prompt payment for an improvement when a special assessment is payable over a term of years, but the statute does not indicate an intention to shift the burden or any portion thereof from the property benefited to the municipal corporation. See R. C. L. 172; McQuillen, Mun. Corp. § 2428; Meyer v. San Francisco, 150 Cal. 131, 88 P. 722, 10 L. R. A. (N. S.) 110; Uncas Nat. Bank v. Superior, 115 Wis. 340, 91 N. W.

1004; Gagnon v. Butte, 75 Mont. 279, 243 P. 1085, 51 A. L. R. 966; Strieb v. Cox, 111 Ind. 299, 12 N. E. 481; Wilson v. Aberdeen, 19 Wash. 89, 52 P. 524; German-Am. Sav. Bank v. Spokane, 17 Wash. 315, 49 P. 542, 38 L. R. A. 259; Banaz v. Smith, 133 Cal. 102, 65 P. 309; Town of Windfall City v. First Nat. Bank, 172 Ind. 679, 87 N. E. 984, 89 N. E. 311; Bankers' Trust & Savings Bank v. Anamoose, 51 N. D. 596, 200 N. W. 103.

The complaint does not disclose a cause of action against the defendant town, and the order appealed from is reversed.

CAMPBELL, WARREN, and RUDOLPH, JJ., concur.

POLLEY, J., dissents.