BANKERS TRUST & SAVINGS BANK, a Corporation, Plaintiff and Appellant, v. THE VILLAGE OF ANAMOOSE, a Municipal Corporation, Defendant and Respondent.

(200 N. W. 103.)

**Municipal corporations — rights of holder of special improvement warrant to recover against city, on default in paying assessments, stated.**

The holder of a special improvement assessment warrant, issued under and in compliance with the provisions of article 20, chapter 44, of the Political Code, being §§ 3697 to 3743b, inclusive, Comp. Laws, 1913, may not recover a general judgment against the city issuing the same upon default in the payment thereof where all the special assessments levied for the improvement have not been collected and applied in payment of the warrants and where such default in payment ensued, not by reason of fraud or neglect on the part of the city but, on account of the failure of the owners of the property benefited to pay their special assessments.

Opinion filed September 15, 1924.

Municipal Corporations, 28 Cyc. p. 1571 n. 99; p. 1572 n. 7.

Appeal from the District Court of McHenry County, *Burr, J.* Affirmed.

Albert Weber, for appellant.

Campbell & Funke, for respondent.

NUESSLE, J. The appellant brought this action to recover on account of certain warrants issued by the Village of Anamoose. Such warrants are described in the complaint as Water Main and Water Works District No. 1 Warrants and Sewer Improvement District No. 1 Warrants. A general money judgment is demanded. The respondent answered admitting that it is the corporate successor of the Village of Anamoose; that the village of Anamoose issued and delivered the warrants to appellant; that appellant is the owner and holder of the same; that the warrants are past due; that they have been presented, registered, payment demanded and not paid for want of funds.

Answering further the defendant admitted "that on or about the 15th day of November, 1918, it issued and delivered to the plaintiff certain village warrants with coupons attached, numbered and for the amounts and specifying the purpose for which issued as set forth in the complaint; and admits that same has not been paid, but in this connection defendant alleges and shows to the court that each and all of the said warrants were so issued under and pursuant to the provisions of articles 17 and 18 of Chapter 30 of the Political Code of North Dakota for the year 1905 and all acts amendatory thereto, being articles 19 and 20 of chapter 44 of the Political Code of North Dakota for the year 1913, and chapter 288 of the Session Laws of North Dakota for the year 1913, said village of Anamoose having theretofore as provided by said statutes, thru its board of trustees in manner and form as provided by statutes, established a general system of sewerage for the city, created its sewer district and water main and water works district, each of the same being numbered one, procured and caused to be made and filed, plans and specifications and estimate and approved the same, by resolutions declared the work or improvements necessary, and caused to be published the said resolutions, procured bids and made and entered into contracts for the work which said contracts pursuant to § 3709 of the Political Code for the year 1913, stated from what fund the amount to be paid thereon by said village was to be paid, and that the consideration of said contracts was payable only in warrants drawn on said fund and that the said village assumed and incurred no general liability under such contracts, the said fund so designated being for sewer designated as "Sewer District #1 Fund" and for the water main and water works being designated as

"Water Main and Water Works District #1 Fund" and thereafter, pursuant to the provisions of § 3711 of the Political Code of North Dakota for 1913 and after the making of the contracts for the aforementioned improvements, issued the aforementioned warrants and coupons, which said warrants state upon their face for what purpose they are issued and the fund from which they are payable and were issued and used in making payments on the aforementioned contracts for the making of such improvements and some of them sold for cash at not less than par value thereof and the proceeds from such sale credited to the aforementioned funds, all in manner and form as provided by statute; and thereafter, in manner and form as provided by statute, caused special assessments to be levied against the property benefited, in a sum sufficient, together with the general taxes levied upon the property of said village, to meet and pay the costs of the said improvements and to meet and pay the said warrants so issued and the interest thereon at the maturity thereof, said assessment for sewer being extended over a period of twenty years and for water main and water works over a period of ten years; and, has proceeded, as provided by law for the levy and collection of the said taxes and special assessments and has credited to the said funds as collected and received, each, every and all sums so collected from said special assessments and general taxes so levied, and has caused to be paid out of said funds as rapidly as collected the warrants drawn upon and against the same; and that the said funds so collected and received by reason of the failure and neglect on the part of the owners of the property assessed and against which taxes were levied, to pay the same and to pay the said assessments, and not otherwise, have been insufficient to pay the said warrants issued and drawn against the same and that said assessments and taxes so levied against the said property in a large and exceeding amount have been allowed to become delinquent, the properties sold as provided by law and in the absence of other bidders therefor, struck off and sold to the county of McHenry and to the city of Anamoose; and have to a large amount remained unredeemed, and the properties unsold by the city and county or either of them, and by reason thereof and not otherwise, the said funds have been and become insufficient to pay the warrants outstanding against them at maturity, including the warrants set forth and described in

the complaint and the said city rendered unable to meet and pay the said warrants at their maturity; and that said funds will continue to be insufficient to meet and pay the said warrants and the said city will continue unable to meet and pay the same at maturity until such time as the said special assessments and taxes so levied can be collected and received by said city, either by payment thereof or by sale and disposal of the property against which the same are levied and assessed therefor; and the defendant further alleges and shows to the Court in this connection that all of the special assessments so levied for said improvements have neither been collected nor applied in payment of the warrants issued therefor as aforesaid; and that there is after such collection and application, no deficiency remaining and that the last of the said special improvements warrants so issued and of which the warrants set forth and described in complaint of plaintiff are part, have not matured and in case of the said water main and water works warrants, will not mature until 1928 and in the case of the said sewer warrants, will not mature until 1938."

To this answer the appellant demurred on the ground that the same did not set forth facts sufficient to constitute a defense. The district court entered an order overruling this demurrer. This appeal was taken from such order.

We think it fairly appears from the pleadings that the warrants sued upon are special improvement assessment warrants; that the improvements were contracted for, made and installed; that the respondent has the same and enjoys the use and benefit thereof; that the warrants on which this suit is brought were issued to procure funds wherewith to pay for such improvements; that all the steps requisite to their issuance were complied with; that special funds, as required by statute were provided; that benefits were determined and assessments and taxes levied therefor in accordance with the statute; that in fact all steps contemplated and required by the statute, art. 20, chap. 44, Political Code, being §§ 3697 to 3743b, inclusive, Comp. Laws, 1913, were properly taken, but that wholly without fault on the part of respondent and owing to the failure and refusal of the owners of the property, against which taxes and assessments were levied, to pay the same, there is no money in the special assessment funds wherewith to pay the warrants in question.

Thus, the naked question is presented as to whether the holder of a special improvement assessment warrant, issued pursuant to and in compliance with the statute, which expressly provides that there shall be no general liability on account thereof, may recover a general judgment against the city issuing the same upon default in the payment thereof, where all the special assessments levied for the improvement have not been collected and applied in payment of the warrants, and where such default in payment ensues, not by reason of fraud or neglect on the part of the city, but on account of the failure of the owners of the property benefited to pay their special assessments.

Section 3709, Comp. Laws, 1913 sets out the requirements for contracts for special improvements and among other things provides "Each contract so entered into shall state the time on or before which such work must be completed, and must state from what fund the amount to be paid thereon by the city is to be paid, and that the consideration of such contract is payable only in warrants drawn on such fund, and that such city assumes and incurs no general liability under such contract."

Section 3711, provides that special assessments levied for sewers, water mains, water works, etc., shall constitute a fund for the payment of the cost of the improvement; that in anticipation of the levy and collection of such assessments the city may issue warrants on such funds; provides for the manner of their issuance, and the times when payable and other particulars, and further provides that "Such warrants shall state upon their face for what purpose they are issued, and the fund from which they are payable . . . . Such warrants may be used in making payments on contracts for making such improvements or may be sold for cash at not less than the par value thereof, and the proceeds thereof credited to such fund, and used for paying for such improvements. It shall be the duty of the city treasurer to pay such warrants and interest coupons as they mature and are presented for payments out of the district funds on which they are drawn, and to cancel the same when paid."

The warrants here sued upon are not set out in the pleadings, but it sufficiently appears therefrom that they are special assessment warrants. It is alleged in the answer that the contract for the improvements to pay for which they were issued complied with the provisions

of § 3709, Comp. Laws, 1913, supra, and that the warrants state upon their face for what purpose they were issued and the funds from which they were payable as provided in § 3711. Such being the case, we think it plain that the respondent city, or its predecessor, assumed no general liability on account thereof. It is the evident purpose and intent of the statute to exempt the city from any general liability on account of the warrants so issued. We do not see how such purpose and intent could be more clearly and plainly expressed. It appears that the warrants give notice upon their face for what they were issued and how and from what funds they are payable. There is no room to contend that the holders had no notice of these matters. The appellant argues that to hold the city not generally liable results in injustice; that the city has the improvements and the appellant in good faith having furnished the money to provide them, should be reimbursed. This contention is sufficiently answered by saying that whosoever bought the warrants did so with notice of the statute under which they were issued and by which the city was absolved from general liability excepting as provided in § 3716, Comp. Laws, 1913. The transaction was purely contractual and the city, having done all that it contracted to do without fault or neglect on its part, can not now be held liable. See Meyer v. San Francisco, 150 Cal. 131, 10 L.R.A. (N.S.) 110, 88 Pac. 722. See also Hamilton Special Assessments, §§ 674, et seq., and cases cited; Page & J. Taxn. by Assessments, § 1503 and cases cited; Dill. Mun. Corp. § 827 (482) and cases cited. The case of Meyer v. San Francisco, supra, is a case almost identical in its facts with the instant case. It was there held that a general judgment could not be entered against a municipal corporation issuing improvement bonds under a statute providing that such bonds should be paid only out of funds collected from special assessments upon the benefited property.

The appellant insists that the Meyer case, supra, is to be distinguished from the instant case by reason of the fact that the statutory provision there is that such bonds should be paid *only* out of the funds collected from special assessments, while under the statute here in question there is no such provision. We think, however, that the effect of the statutory provisions is the same in the instant case as in

the Meyer case. A fair reading of the statute can lead to no other conclusion.

We are not unmindful of § 3716, Comp. Laws, 1913, which provides:

"Whenever all special assessments levied for a specific improvement shall have been collected and applied in payment of the warrants issued for such improvement, and a deficiency remains, the city council shall levy a tax upon all the taxable property in the city for the payment of such deficiency, and in case of a balance of such special assessments remaining unexpended, it may be used for repairs of such improvement."

However, that statute is not here applicable under the facts as pleaded in the answer.

The appellant further insists that in the instant case it appears from the answer that while special assessment funds were created, upon which the warrants sued upon were drawn, nevertheless, a portion of the moneys was to be paid by general taxes of the village. It is true that the answer so alleged. But we must assume on this demurrer that the allegation in the answer has reference to taxes contemplated under the provisions of § 3723, Comp. Laws, 1913, providing that, under certain circumstances, not to exceed one-fifth of the cost of special improvements may be paid by general taxation and the taxes levied and assessed under the terms of this section be collected, turned into  and be deemed part of the special assessment fund. And thus no different case is made.

Appellant cites and relies upon the case of Merchants Nat. Bank v. Devils Lake, 42 N. D. 445, 173 N. W. 748. We think that that case is clearly distinguishable from the case at bar. There it did not appear that the statute, with reference to the making of improvements by special assessment, had been complied with. Neither did it appear, that in entering into the contract for the work done, or in issuing the warrants, the city in any manner sought to limit or restrict its liability.

Lastly, appellant contends that in any event, under chapter 338, Session Laws, 1923, its warrants are made general obligations of the respondent city. We do not think that the chapter in question applies or was intended to apply in such a case as the instant one. The war-

rants here in question are special assessment warrants. There is no question as to their validity.

The order of the district court sustaining the demurrer must be and is affirmed.

JOHNSON, BIRDZELL, and CHRISTIANSON, JJ., concur.

BRONSON, Ch. J. (specially concurring). I am of the opinion that the answer states a defense so far as the complaint, upon the facts alleged, seeks to recover a judgment against the city based upon a general liability. In other words, in my opinion, the answer as pleaded is not a complete defense to a liability of the city specially payable out of a particular fund. The demurrer in any event must be sustained.