MIDWEST SECURITIES CORPORATION, Appellee, v. CITY OF DES MOINES, Appellant.

MUNICIPAL CORPORATIONS: Improvement of Street—Award of
1 Damages—Exclusive Method of Payment. An award of damages for the widening and change in grade of a street, made by appraisers by agreement between the city and the property owner (Sec. 5954, Code of 1924), must be paid, not under a general judgment against the city, but from the special assessments on benefited property, when such was the method of payment designated by the resolution of necessity and by the resolution confirming the award. In other words, the resolution of necessity and the resolution confirming the award become legally a part of the award.

MUNICIPAL CORPORATIONS: Fiscal Management—Inability of
2 City to Pay—Effect. Principle reaffirmed that the inability of a municipal corporation to pay a legal claim cannot defeat an action thereon.

Headnote 1: 20 C. J. p. 1075 (Anno.); 28 Cyc. p. 1772. Headnote 2: 28 Cyc. p. 1759.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

MARCH 10, 1925.

REHEARING DENIED JUNE 25, 1925.

ACTION at law, for judgment on a statutory arbitration award obtained by plaintiff under the provisions of Sections 5954 to 5957, Code of 1924. The appeal is from an order sustaining a motion to strike certain paragraphs of defendant's amended and substituted answer. The opinion states the issues in controversy. Defendant appeals.—*Reversed.*

*John J. Halloran, Chauncey A. Weaver,* and *Paul Hewitt,* for appellant.

*C. E. Hunn* and *H. S. Hunn,* for appellee.

DE GRAFF, J.—The petition of plaintiff prays for a money judgment against the defendant city on a statutory award. The issue in controversy must be ruled by a determination of the following question: Was the manner of making and collecting the assessment, as defined by the statute and an ordinance based thereon, binding upon the plaintiff as to the method of payment under the award confirmed by the city?

1. MUNICIPAL CORPORATIONS: improvement of street: award of damages: exclusive method of payment.

At the threshold of this opinion, it is necessary to understand the pleaded facts either admitted or not denied. Plaintiff was the owner of certain lots which were located and abutting on the street subject to the improvement in question. These lots, prior thereto, had been improved by the owner in accordance with an established grade. By widening the street and otherwise changing its condition, pursuant to a resolution of necessity, to which reference will presently be made, and in carrying out said plan, the established grade on said street was lowered a distance of twelve feet or more in front of plaintiff's property, and the west seven feet thereof was condemned and taken by the city. Plaintiff appealed from the award made by the jury in the condemnation proceeding, but thereafter dismissed its appeal, and entered into an agreement with the city to arbitrate all damages caused plaintiff by said improvement; and in accordance with said arbitration agreement, appraisers were appointed, in conformity to law, and an award was made in the

sum of $23,500, with interest.  This award, on May 6, 1921, was
confirmed by proper resolution of the city council of defendant
city.  It is the theory of plaintiff that, by reason of the award
and its confirmation, ''the said city of Des Moines became and
is indebted to this plaintiff in the sum of $23,500, with interest;''
and that plaintiff is, therefore, entitled to a money judgment
against the defendant in said sum.  The defendant, for answer,
admits that it is a municipal corporation, organized and operat-
ing under what is known as the commission form of govern-
ment, and admits that plaintiff is the owner of the real estate
described in its petition; but alleges that it was agreed and de-
termined between the parties, at the time the award was made
and confirmed, that said award should be paid out of funds de-
rived by special assessments levied against the property em-
braced within the improvement district, and as outlined in the
resolution of necessity adopted by the city council, and that by
reason thereof the plaintiff is estopped from suing upon the
aforesaid award for the purpose of recovering a general money
judgment against the defendant city.  The foregoing pleaded
matters in the answer of defendant were permitted by the trial
court to stand, as against the motion of plaintiff to strike; but
other matters contained in Counts 2 and 4 of the answer were
stricken by the court on motion, and it is from this ruling that
the appeal is taken.  We therefore inquire:  What are the alle-
gations to which the sustained motion was directed?  In Count
2, the defendant alleged that, on December 15, 1919, and in con-
formity to the provisions of Section 751, Code Supplemental
Supplement, 1915 (Section 5938 *et seq.*, Code of 1924), a pro-
posed resolution of necessity for the widening, grading, and im-
proving of West Fifth Street to a uniform width of 80 feet
between Chestnut and School Streets, Des Moines, Iowa, was
legally and regularly adopted by the city council of Des Moines;
that the resolution designated and described certain tracts of
ground as necessary for such widening, grading, and improving
of said street, one of which tracts included certain lots owned by
the plaintiff; that the resolution further provided ''that the cost
and expense to the city by way of damages, if any, to abutting
property, and the cost and expense to the city in acquiring the
necessary ground for the widening, grading, and improving of

Fifth Street, as hereinabove referred to, be apportioned to and assessed on and against all lots and portions of land according to area abutting thereon, and including all adjacent property privately owned, and all included within the boundary line described as follows:'' (description here given); that the territory thus described was designated and determined by the council in said resolution ''to be the district benefited by the improvement, and that said assessment shall be in proportion to the special benefit conferred upon the property described in the district outlined herein, and not in excess of the benefits;'' that, on December 15, 1920, plaintiff filed with the city clerk of the city of Des Moines a claim for damages against said city, in the sum of $47,425, by reason of the change of grade and excavation on Fifth Street; that, on December 17, 1920, the city council authorized by resolution the appointment of an appraiser to represent the city in the adjustment of said claim with the plaintiff, and that an appraiser was subsequently appointed; that the plaintiff appointed an appraiser to act in conjunction with the appraiser of the city; and that, on May 6, 1921, the report of the appraisers thus appointed was presented to the city council, and on said date was approved and confirmed. Defendant further alleges that, by reason of the matters herein set forth, the award thus made and confirmed constituted an adjudication of plaintiff's claim, and it is now estopped from presenting or suing upon the same in this court for the purpose of securing a money judgment against the defendant city; and that the court is without jurisdiction in the premises.

Defendant alleges in Count 4 of its answer that writs of injunction had previously issued against the defendant city, restraining the defendant from approving the schedule on the proposed special assessment for the improvement of the street in question, and from making or levying any special tax or assessment against the property within the proposed benefited district on account of the cost of said improvement; that said restraining order is now in full force and effect.

It may be observed that the instant pleadings present no contest as to the amount of the award, its validity, or the validity of the assessment made by the council to pay the costs of the improvement; and further, that the award made and con-

firmed does not distinguish or differentiate the damages charge-able to the change of grade, and the taking of a part of plain-tiff's property by condemnation.   The sole question is whether plaintiff may now elect, and by reason of said election is entitled to a money judgment against the defendant city.   It is obvious that a money judgment will be paid from a fund entirely dif-ferent and distinct from that contemplated by the resolution of necessity and the resolution confirming the award, since it is specifically contemplated and provided by the terms of both resolutions that the damages inuring to the plaintiff shall be paid from assessments on the property within the benefited district.

Must the resolution of necessity and the terms of the resolu-tion confirming the award be considered as incorporated in and forming a part of the award?   If an affirmative answer is made to this question, then the plaintiff must await payment from the fund created by ordinance for the payment of the costs of the improvement, which includes the damages awarded plaintiff.

Our statute provides that, when a city has established the grade of any street, and the property owner shall have made improvements abutting thereon in conformity to the established grade, the city may not change or alter such grade so as to dam-age or diminish the value of the property so improved.   If dam-ages result, the city "shall pay to the owner of such property the amount of such damage or injury."   Section 5953, Code of 1924.   The statute further provides a method of procedure by arbitration, to determine the damages under such circumstances. Sections 5954 to 5957, Code of 1924. It creates a special tribunal, and defines its functions; and its findings, in the absence of fraud or mistake, when confirmed by the city council, are final and conclusive as to all matters submitted to arbitration.   The specific provisions of the statute were observed in this case.   By the award the claimed damages became liquidated, and the award became a contract of record.   An arbitration agreement is a contract, and the parties thereto must have legal capacity to contract.   In the instant case, under the agreement and by the award, plaintiff became entitled to a lump sum settlement, which represented damages to be paid by assessments in the bene-fited district.   Submission to arbitration is the technical desig-

nation of the contract by which parties agree to refer matters
which are in dispute between them, to be finally decided by the
award of the arbitrators named by the parties in the manner
provided by law. Morse on Arbitration and Award 36. There-
fore, a valid award bars future suits over the matters therein
decided; and, if a suit is instituted, the award is competent as
evidence, and is conclusive as to all matters contained therein.
2 Ruling Case Law 387, Section 32; *Williams v. Branning Mfg.
Co.,* 153 N. C. 7 (68 S. E. 902, 31 L. R. A. [N. S.] 679). The
award is not a judgment in fact, but operates with the force
of a judgment as between the parties to the submission and as
to the subject-matter within the jurisdiction of the arbitrators.
The award embodies and incorporates the terms of the agreement
of submission; and when confirmed, as required by law in this
case, it became a contract of record, whereby the municipality
agreed to pay, and the plaintiff agreed to accept, a specified
sum, payable in a certain manner. The method and manner of
the enforcement and collection of the cost of the improvement
in question was within the contemplation of the parties, when
the agreement to arbitrate was made. In fact, the resolution of
the city council confirming the award directed the city clerk to
include the costs involved herein on the assessment schedule.
The confirmation has a causal relation to the award, and must
be viewed as a part thereof. When an agreement is made that
a municipal creditor shall accept payment of indebtedness out
of a special fund, there can be no general judgment entered to
enforce payment. *Bankers' Tr. & Sav. Bank v. Village of Ana-
moose,* (No. Dak.) 200 N. W. 103; *Meyer v. City and County of
San Francisco,* 150 Cal. 131 (88 Pac. 722, 10 L. R. A. [N. S.]
110).

In the case at bar, the ordinance, which was in compliance
with statute, provided for the payment of the costs of the im-
provement in a certain manner. It contemplated the creation
of a special fund. The benefits to the property within the de-
scribed area were to be determined and assessments levied there-
for in accordance with the ordinance and statute. Plaintiff is
chargeable with notice of the provisions of law governing the
improvement in question. The instant improvement nominated
the form of taxation that should be employed to provide for the

cost thereof. It was not intended that the payment should be made from the general revenue, but from a special fund. It is said in McQuillin on Municipal Ordinances, Section 547:

"As the ordinance is the foundation upon which all subsequent proceedings are based, it has been determined in Illinois that the method of paying for the improvement must be provided therein; whether by special assessment, special taxation or general taxation, or out of the municipal revenue. The mode so prescribed is exclusive."

The city council of Des Moines did provide the method of paying for the improvement, and subsequently, by its resolution confirming the award, recognized the manner of payment. Our statute governing the confirmation of an award under such circumstances gives to the award the conclusiveness of a judgment of court.

We conclude, therefore, that the answer of defendant states a defense, so far as Count 2 is concerned, and the court erred in striking same on motion. The plea in Count 5 is in the nature of abatement, and is to the effect that the city has no fund for the payment of the claim in suit, since, by writ of injunction, it has been restrained from collecting by assessment the costs of the improvement. This matter is not defensive, under the pleaded facts. The inability of a municipal corporation to pay cannot defeat an action thereon. *Davenport Gas Light & Coke Co. v. City of Davenport*, 13 Iowa 229.

2. MUNICIPAL CORPORATIONS: fiscal management: inability of city to pay: effect.

For the reason assigned, the judgment entered is—*Reversed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.