[File No. 6062.]

IN THE MATTER OF THE APPEAL OF J. P. CUNNINGHAM, from a Decision of the Board of County Commissioners in and for Richland County, North Dakota.

(245 N. W. 896.)

Opinion filed December 20, 1932.

*Maurice S. Aker* and *I. A. Acker*, State Tax Commissioner, for appellant.

*Arnold C. Forbes,* for respondent.

*Matthew W. Murphy, C. L. Young* and *Hugh H. Barber,* amici curiæ.

64

NUESSLE, J. This is an appeal from a judgment of the district court dismissing an appeal from an order of the Board of County Commissioners of Richland county denying the application of J. P. Cunningham for a refund of taxes paid under protest.

The facts are stipulated. From this stipulation the following facts appear: The city of Hankinson is a municipal corporation. In 1920 a special improvement district, including the whole of the city, was created in order to enable the city to construct a water system. The improvement was made. In November, 1920, special assessment warrants were issued to pay for it. These warrants were each for $500 and were payable on April 15th from year to year during the years 1921 to 1930, both inclusive. One W. D. Lovell became the owner of a large number of the warrants. The Drake-Ballard Company, a corporation, also became the owner of some of them. The warrants were not paid. Lovell brought several actions to recover on warrants so held by him and procured the entry of four judgments on April 4, 1929. The Drake-Ballard Company also sued and judgment was entered in its favor against the city on May 3, 1929. These several judgments aggregated in amount $72,433.

J. P. Cunningham, the appellant herein, owned a lot in the city of Hankinson within the improvement district. The assessed valuation

of this lot was $130. In July, 1930, the city council levied a tax against the taxable property included within the city of 40 mills on the dollar of the assessed valuation thereof ($780,687 for 1930) for the purpose of paying the judgments above described. This levy was in addition to the levies made for general city and other purposes. At this time there was a deficiency of more than $50,000 in the special improvement fund created in the special assessment district for the payment of the warrants upon which the judgments were taken. This deficiency arose because of the failure of the taxpayers to pay the improvement assessments made upon their property. The levies so made by the city were certified to the county auditor in and for Richland county. The levies for city and other purposes were extended upon the tax rolls as certified, but the levy for the payment of the judgments was reduced from 40 mills on the dollar of the assessed valuation to 25 mills, and as so reduced was extended against the taxable property within the city.

The amount of the tax for judgment purposes levied against the real property of the appellant—25 mills on a valuation of $130—was $3.25. In January, 1931, Cunningham paid his taxes. He paid the amount of the tax levied for the purpose of paying the judgments under protest on the ground that such levy could not be properly made for judgment purposes under the provisions of the law limiting the taxing powers of the city, and that, in any event, such levy for the payment of judgments could not exceed 10 mills. He paid his taxes at this time in order to avoid the infliction of the penalty on that portion which was properly chargeable against him. Thereafter and in February, 1931, Cunningham presented to the county commissioners his application for the repayment to him of that part of the taxes so paid by him under protest. This application was denied. He appealed from the action of the county board in denying his application to the district court in and for Richland county. That appeal was determined adversely to his contention. Whereupon he perfected the instant appeal to this court.

This appeal involves the consideration and construction of § 3681, Comp. Laws 1913, which provides:

"When any final judgment shall be obtained against any city within the state of North Dakota, the city council of such city may by reso-

lution provide for the levy and collection of an annual tax upon all the taxable property of such city, not exceeding the amount of ten mills on the dollar in any one year which shall be used in payment of such judgment. The county auditor shall make out, charge and extend upon the tax list against each description of real property and against all personal property of the city all such taxes for cities and judgments he is so notified have been levied by the city in which the property is situated and taxable in the same manner in which the county and state tax list is prepared, and deliver it to the county treasurer at the same time. The taxes so levied for the payment of any final judgment against such city may be levied in addition to such other taxes as are now or may hereafter be provided by law, and this section shall in no manner be construed as depriving the city council of any city in this state from levying all such·other taxes in such amounts as they are now permitted to levy under existing laws for other purposes."

It is the appellant's contention in the first instance that this statute has been repealed and superseded by chapters 318, Sess. Laws 1923 and 188, ·Sess. Laws 1927, and that under the law at the time the levies were made and extended there could be no special levy for the purpose of paying judgments; that even though § 3681 is effective and controlling in the instant case, the limit imposed thereby on levies for judgment paying purposes is 10 mills for any and all judgments without regard to the number or amounts of such judgments, and, therefore, in any event, the tax levied was excessive to the extent of 15 mills. On the other hand, the respondents insist that § 3681 was in effect in 1920 when the special assessment warrants on which the judgments are predicated were issued; that this section provided a remedy and became a part of the contract, and that no attempted repeal thereof could be effective as against obligations incurred while the statute was in effect; that under the terms of § 3681, the limit imposed is 10 mills for each judgment entered against the city and that since five judgments were entered and docketed against the city and were unsatisfied at the time of the levy, a total levy of 25 mills or 5 mills for each of such judgments was not excessive. Thus the question is raised as to whether § 3681 controls. And if it be determined to be controlling, its construction and application become necessary.

It seems to us that § 3681 controls in the instant case. We must

so hold regardless of the subsequent legislative enactments, chapters 318, Sess. Laws 1923 and 188, Sess. Laws 1927, on which appellant relies. It was the duty of the city after the creation of the assessment district and the issuance of the warrants to see that all proper steps were taken to provide for their payment. And under the rule then established in this state the city became liable to the holders of the warrants if it were derelict in this regard. See Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357. Section 3681 was in effect at the time the improvement district was created and the warrants were issued. It provided a means whereby judgments that might be taken against the city would be paid. Accordingly no repeal of the provisions of this statute could be effective as against judgments obtained on them by the holders of these warrants, unless some equally efficacious remedy were substituted in place thereof. Louisiana ex rel. Nelson v. Police Jury, 111 U. S. 716, 28 L. ed. 574, 4 S. Ct. 648; Stryker v. Grand County (C. C. A. 8th), 77 Fed. 567.

Some contention is made in the briefs of the amici curiae that it is immaterial whether § 3681 be held to be applicable in the instant case; that the warrants on which the judgments were obtained were general obligations of the city, for the reason that the amount remaining unpaid on such warrants was a deficiency remaining after the application of the moneys collected in the special assessment district, and that therefore under the statute, § 3716, the city was required to levy a tax for the payment of such deficiency. The facts, however, are stipulated and it is impossible for us in determining this case to go outside the record thus made. On this record it appears that the levy was made under the provisions of § 3681 and not pursuant to § 3716, providing that deficiencies in special assessments shall be made up by general levies. The stipulation is silent as to the character of the causes of action in which judgments were entered. We assume, however, that they were predicated on the failure of the city to pursue the necessary steps to provide for the payment of the special assessment warrants. See Pine Tree Lumber Co. v. Fargo, 12 N. D. 360, 96 N. W. 357, supra; Bankers Trust & Sav. Bank v. Anamoose, 51 N. D. 596, 200 N. W. 103; Dakota Trust Co. v. Hankinson, 53 N. D. 356, 205 N. W. 990. We can conceive of no other theory on which the warrants might have been reduced to judgment since the period provided for their final pay-

ment had not then elapsed and therefore no general claim could have been urged against the city under the statute, § 3716, Comp. Laws 1913. Bankers Trust & Sav. Bank v. Anamoose, 51 N. D. 596, 200 N. W. 103, supra. See also chapter 174, Sess. Laws 1923.

The next question is as to whether under the terms of section 3681, five judgments having been taken against the city which remained unsatisfied at the time of the levy, a levy in excess of 10 mills in the aggregate might be made against the taxable property of the city for the purpose of satisfying them. The wording of the statute is that "When any final judgment shall be obtained . . . such city may by resolution provide for the levy and collection of an annual tax upon all the property of such city, not exceeding the amount of ten mills on the dollar in any one year which shall be used in the payment of such judgment . . ." This section, however, must be read in connection with § 3680, Comp. Laws 1913, an earlier enactment which provides that the city council "shall levy a tax for interest and sinking funds required . . . and also a sufficient tax for the payment of any final judgment that may have been recovered against the city, and such levies shall forthwith . . . be certified to the county auditor of the county in which such city is situated." Reading these two sections together, it is clear that under the provisions of § 3680 it was the duty of a city to impose a sufficient tax to pay any final judgments recovered against it, and that by § 3681 a limitation—10 mills annually—was imposed upon the amount of such levy. The legislature, when it enacted these statutes, was dealing with the subject of the payment of judgments taken against cities. The first requirement was that cities make provision for the payment of such judgments. Then the maximum levy that might be imposed in any year in complying with this requirement was fixed. Thus, while these statutes provide that a tax not exceeding 10 mills must be levied for the payment of any final judgment that may be obtained, we think that this must be construed to mean that the total annual levy for the payment of judgments shall be limited to 10 mills and not that a levy of 10 mills may be made for each judgment. The word "any" must be construed to mean "all" and not "each." It would be wholly inconsistent with the clear legislative intent to place a definite limit upon the levy to be made, if this limit might be increased or decreased, depending upon

the number of judgments obtained against the city. Such a construction would leave the taxpayers wholly at the mercy of ingenious creditors. Thus, in the instant case, it appears that the four judgments obtained by Lovell aggregating $65,876 are on account of special improvement warrants of the same character issued to pay for the same improvement. The only difference among them was that their dates of payment were different. Lovell apparently elected to sue on the several warrants or on several groups of warrants on the theory that having obtained four separate judgments instead of a single judgment for the aggregate of his warrants, a 40 mill levy might thereby be imposed rather than a 10 mill levy. It seems to us that this cannot be done. Surely the legislators did not intend to make the will of the creditor the determining factor in fixing the amount of the levy. Accordingly we hold that under the provisions of § 3681 the maximum levy that may be made upon the property within a city for the purpose of the payment of judgments against it is 10 mills on the assessed valuation thereof regardless of the number or amounts of such judgments.

It is said in the briefs of the amici curiæ that the levy of which the appellant complains was made pursuant to a peremptory writ of mandamus issued out of the District Court of the United States for the District of North Dakota and that the judgment awarding this writ has become final, and, on that account, this court ought not to award the appellant the relief which he seeks. Though the levy was made as thus contended, nevertheless that fact does not appear in the stipulation of facts. And we cannot go beyond the stipulation. In any event, it is for this court to finally construe the statute in question. The rule is that upon the construction of the constitution and laws of a state the courts of the United States follow the decisions of the state court unless they conflict with or impair the efficacy of some provision of the federal constitution or of a federal statute or rule of general commercial law. Stutsman County v. Wallace, 142 U. S. 293, 35 L. ed. 1018, 12 S. Ct. 227. In Detroit v. Osborne, 135 U. S. 492, 34 L. ed. 260, 10 S. Ct. 1012, a case involving the liability of a municipality for damages for personal injuries arising from a defective sidewalk where a judgment for the plaintiff was reversed because under the law as held by the Supreme Court of Michigan there was no lia-

bility in such case, the court said, Mr. Justice Brewer writing the opinion: "But even if it were a fact that the universal voice of the other authorities was against the doctrine announced by the Supreme Court of Michigan, the fact remains that the decision of that court, undisturbed by legislative action, is the law of that State. Whatever our views may be as to the reasoning or conclusion of that court, is immaterial. It does not change the fact that its decision is the law of the state of Michigan, binding upon all its courts, and all its citizens, and all others who may come within the limits of the State. The question thus presented by it is not one of general commercial law; it is purely local in its significance and extent. It involves simply a consideration of the powers and liabilities granted and imposed by legislative action upon cities within the state. While this court has been strenuous to uphold the supremacy of federal law, and the interpretation placed upon it by the federal courts, it has been equally strenuous to uphold the decisions by state courts of questions of purely local law. There should be, in all matters of a local nature, but one law within the state; and that law is not what this court might determine, but what the Supreme Court of the state has determined." See also notes to Wilson v. Perrin (C. C. A. 6th) 62 Fed. 629; 11 C. C. A. 66; Snare & T. Co. v. Friedman, 40 L.R.A.(N.S.) 380, 398.

Accordingly, the judgment of the district court heretofore entered herein is reversed and the case is remanded with directions to enter judgment in favor of the appellant in conformity with this opinion.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.