**CITY OF MOHALL, N. D., et al. v. FIRST NAT. BANK OF SLEEPY EYE, MINN., et al.**

No. 11343.

Circuit Court of Appeals, Eighth Circuit.
July 11, 1939.

316

E. T. Conmy, of Fargo, N. D. (P. M. Clark, of Mohall, N. D., and J. F. Sullivan, of Mandan, N. D., on the brief), for appellants.

Harold D. Shaft, of Grand Forks, N. D. (O. B. Burtness, of Grand Forks, N. D., on the brief), for appellees.

Before GARDNER and WOODROUGH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

On March 7, 1931, The First National Bank of Sleepy Eye and The Security Company of Owatonna (both in Minnesota), appellees here, obtained judgments in the court below against the City of Mohall, North Dakota, appellant, in the amounts of $43,612.12 and $38,081.84. From these judgments there was no appeal and they are conceded by appellants to be valid. They were entered pursuant to stipulation of counsel upon the issues framed by complaint and answer. It had been alleged in the complaint that the bank and Security Company were the owners of special assessment warrants issued by the city, that, by reason of the negligence of the city in respects specified, the warrants were not collectible and that they were not paid at maturity. General judgments were prayed. The city's answer denied the allegations of the complaint but the stipulation was to the effect that complainants were entitled to judgments and that judgments should be entered in their favor. Thereafter the present suit was brought for a writ of mandamus to compel the city to levy a tax for the payment of the judgments. This appeal is from a decree granting a peremptory writ of mandamus.

Here then is a case in which the appellees have valid judgments against a North Dakota municipality. A North Dakota statute (Sec. 3680, C.L.N.D. 1913) provides: "The city council shall, at its first regular meeting in September, or within ten days thereafter, levy a tax for general purposes sufficient to meet the expenses of the fiscal year * * * and also a sufficient tax for the payment of any final judgment that may have been recovered against the city * * *."

A second statute (Sec. 3681, C.L.N.D. 1913) provides: "When any final judgment shall be obtained against any city within the state of North Dakota, the city council of such city may by resolution provide for the levy and collection of an annual tax upon all the taxable property of said city, not exceeding the amount of ten mills on the dollar in any one year which shall be used in payment of such judgment * * *."

The Supreme Court of North Dakota has construed these statutes to mean that it is the duty of the council of a city against which a judgment has been obtained to levy a tax—not exceeding ten mills annually—to pay it. Re Cunningham, 63 N.D. 62,

245 N.W. 896. The decree below commanded the performance of that duty. It would seem clearly to have been justified.

■ 1. But it is contended that the only judgments referred to in the cited statutes are general judgments (and so much must be conceded) and that the judgments here are not of that character. Obviously, however, they are general judgments. They are in the form of such judgments. Consider, for example, the judgment for The First National Bank—"It is adjudged and decreed that plaintiff, First National Bank of Sleepy Eye, Minnesota, have and recover of the City of Mohall, a municipal corporation of the State of North Dakota, damages in the sum of $43,612.12." The judgments were entered upon the city's stipulation that the National Bank and the Security Company were "entitled" to judgments, i. e., that they were "entitled" to judgments upon their complaint, which expressly prayed for general judgments. The complaint, upon the allegations of which the city stipulated that the National Bank and The Security Company were "entitled" to judgments, alleged facts—that the failure to collect a fund applicable to the payment of the special assessment warrants was due to the wrongful and negligent conduct of the city and its officers—which (it is so conceded in appellants' brief), under decisions of the Supreme Court of North Dakota would entitle complainants to general judgments. Schieber v. Mohall, 66 N.D. 593, 268 N.W. 445. General judgments were entered, were not appealed from, and they cannot now be collaterally attacked. The contention that these are not general judgments has no real support.

■ 2. What may be described as appellants' principal contention is this: even if the judgments were general and intended to be such, the writ of mandamus issues only in the exercise of sound judicial discretion (Duncan Townsite Co. v. Lane, 245 U.S. 308, 311, 312, 38 S.Ct. 99, 62 L. Ed. 309) and therefore it should not issue to compel a tax levy to pay what *is* but *should not have been* a general judgment. The conclusion advanced, however, does not follow from the principle stated. The statute (Sec. 3680, supra) makes it the duty of a city council to levy a tax to pay "any final judgment that may have been recovered against the city." Certainly it is not for the city council to discharge that duty vel non in accordance with its decision that the judgment should or should not have been entered. The city council is not empowered to go behind the judgment. Equally certainly the discretion of a court to issue a peremptory writ of mandamus to compel a city to levy a tax does not include jurisdiction to re-try and re-adjudge the case in which the judgment was had, to enforce which mandamus is sought. Santa Fe County v. New Mexico, 215 U. S. 296, 302, 30 S.Ct. 111, 54 L.Ed. 202. If the duty of the city council was, not to levy a tax to pay "final judgments" against the city, but only to levy a tax to pay damages caused by the city through negligence, then indeed mandamus would not issue without inquiry into and decision of the issue of negligence by the court in which mandamus is sought. Taxing District of Brownsville v. Loague, 129 U.S. 493, 9 S.Ct. 327, 32 L. Ed. 780, cited by appellants, would be in point and would support appellants in such a situation. But in the situation actually presented, where the city council's duty is to levy a tax to pay "final judgments", Brownsville v. Loague, supra, controverts the theory of appellants. That case and numerous cases support the view that, where the law makes it the duty of a municipal corporation to levy a tax to pay an obligation, mandamus on the petition of the owner of the obligation is an appropriate remedy. See, among other cases, Mayor of City of Davenport v. United States ex rel. Lord, 9 Wall. 409, 19 L.Ed. 704; United States ex rel. Ranger v. New Orleans, 98 U.S. 381, 25 L.Ed. 225; Harshman v. Knox County, 122 U.S. 306, 7 S.Ct. 1171, 30 L.Ed. 1152; Ralls County Court v. United States, 105 U.S. 733, 26 L.Ed. 1220; Sante Fe County v. New Mexico, supra.

3. We have considered other and lesser contentions urged by appellants and find that none of them has merit.

The judgment of the District Court is affirmed.