JOHN R. JONES et al., Appellants, v. THE CITY OF HANKINSON,
in Richland County, North Dakota, a municipal corporation, et al.,
Respondents.


(186 N. W. 276.)


Municipal corporations — in a suit to enjoin officers from constructing water
works and sewer systems, the burden of proving irregularities is on
complainants.

1.    In an action brought by certain tax-payers of the City of Hankin-
son to enjoin the officers of that city from proceeding further with the
construction of certain waterworks, and sewer systems, it is *held*:
That the plaintiffs have the burden of proving the irregularities
alleged in their complaint.

Municipal corporations — in action to enjoin officers from proceeding to con-
struct improvements, evidence held not to show that a majority of owners
affected signed protest.

2.    That the evidence does not establish that the alleged protests
were signed by the owners of a majority of the property liable to be spe-
cially assessed for the improvements.

Municipal corporations — in proceedings to enjoin officers from proceeding
with construction of waterworks and sewer systems, evidence held not to
show that officers acted fraudulently.

3.    That the evidence does not establish that the officers of the city
acted fraudulently.


Opinion filed Dec. 30, 1921.


From a judgment of the District Court of Richland County, *Cooley,*
Special J., plaintiffs appeal.

Affirmed.

*J. A. Dwyer,* and *W. S. Lauder,* for appellants.

It is well settled that when a municipal corporation seeks to impose
upon the citizens the burden of making public improvements and to hold
the property of the citizens liable therefor the statutes authorizing such
improvements must be strictly construed.   Mason v. City of Sioux Falls,
S. D. 51 N. W. 770; McLaren v. City of Grand Forks, N. D. 6 Dak. 397,

43 N. W. 710; Watkins v. Griffith, 59 Ark. 344, 27 S. W. 234; White v. Stevens, Mich., 34 N. W. 255; Pound v. Chippewa Co., Wis. 43 N. W. 63; Merritt v. Village of Portchester, 71 N. Y. 309; Hewes v. Reis, 40 Cal. 255; Desty on Taxation, 1241; Dill on Municipal Corporations, 759; Western Town Lot Co. v. City of Salem, S. D. 172 N. W. 503.

*Newton, Dullam & Young,* and *Lawrence, Murphy & Nilles,* for respondents.

"A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute is such that the designation of them must be considered as a limitation of the power of the officer." Lewis Sutherland Statutory Construction, Vol. 2; §§ 611 and 213, second ed.

"Statutory prescriptions in regard to the time, form and mode of proceeding by public functionaries are generally directory as they are not of the essence of the thing to be done but are given simply to secure system, uniformity and dispatch in the conduct of the public business." Emmons County v. Lands of First National Bank, 9 N. D. 589, 84 N. W. 379; Johnson v. Day, 2 N. D. 295, 50 N. W. 703; Cooley Constitutional Limitations 77.

It is well settled that the determination of the council upon the question of necessity is final and conclusive in the absence of fraud. State v. Fisk, 15 N. D. 219-226; 107 N. W. 191.

The court in the same opinion holds that the board acts judicially in assessing benefits and necessarily it would act thus in other special assessment proceedings. Erickson v. Cass County, 11 N. D. 494, 507; 92 N. W. 841; Alstad v. Sim, 15 N. D. 529, 109 N. W. 66; Ellison v. La-Moure, 30 N. D. 43, 151 N. W. 988; Bergen Township v. Nelson County, 33 N. D. 247, 156 N. W. 559.

"Council are the sole judges of the necessity of sewers and their judgment is conclusive. If in every instance of special taxation the question of benefits could be thrown into the jury box, this situation would be intollerable." Diamond v. Mankato, 61 L. R. A. 488; Speer v. Athens, 9 L. R. A. 402-405.

There being no question of fraud the action of the city council can not be reviewed. State v. Fisk, supra; Page & Jones, Special Assessments, § 1430; Flickinger v. Fay, 119 Calif. 590.

CHRISTIANSON, J. This is an action brought by certain taxpayers of the city of Hankinson to enjoin the officers of that city from proceeding further with the construction of certain waterworks and sewer systems in that city. The trial court made findings and conclusions, and directed judgment to be entered in favor of the defendants. The plaintiffs have appealed from the judgment, and demanded a trial de novo in this court.

The evidence shows, and the trial court found, that the city council of the city of Hankinson, by ordinance duly enacted, created and established certain waterworks, water main, and sewer districts within the corporate limits of said city; also that the city council directed the city engineer to prepare plans, specifications, and estimates of the probable cost of such waterworks, water main, and sewer systems; and that at a meeting held on the 21st day of July, 1920, the city council duly approved the plans, specifications, and estimates for such improvements which had theretofore been prepared by the city engineer; and that thereupon, on the same day, the said city council, by resolutions duly adopted, declared that a necessity existed for the construction of such waterworks, water main, and sewer systems, which said resolutions referred intelligently to the plans, specifications, and estimates therefor, and which said resolutions were thereupon published twice, once each week for two consecutive weeks in the official newspaper of said city, namely, on the 22d and 29th days of July, 1920. On the 4th day of August, 1920, a protest against the construction of said waterworks and sewer systems was filed. Such protest was signed in all by some 176 persons, and read, in part:

. "We, the undersigned citizens of the state of North Dakota, who own lots and parcels of land which may be or will be assessed for such heretofore mentioned and proposed improvements, so called, do hereby give notice to the city council of the city of Hankinson, N. D., that we do protest against any further action whatever at the present time towards building waterworks system, water mains, or sewers as proposed by such council in said published notice, and that the said city council do therefore discontinue any further action as proposed; that this protest is filed as permitted by the laws and statutes of the state of North Dakota, because we do not want the same established at this time because of the present high price of materials, labor, etc.; and, further, that the proposed costs, as a whole, as now proposed, will be too high."

Thereafter, on the 10th day of August, 1920, at a meeting of the city council, at which all members were present, the following proceedings were had:

"Auditor read a protest presented by property owners protesting against the creation of and building of sewers, water mains, pumping stations, or anything and everything connected therewith, in the city of Hankinson. Richland county, N. D.

"Motion made by Alderman Peitz and seconded by Alderman Hoffman that protests be approved as read. Roll call on the motion resulted as follows: First ward, Brown voting No; Burfening voting No. Second ward, Solsrud voting No; Schuett voting No. Third ward, Peitz voting Yes; Hoffman voting Yes. Motion declared not carried.

"Alderman Burfening introduced the following resolution and moved its adoption; Alderman Schuett seconded the motion:

"Whereas, petitions supposedly under and in accordance with § 3704 of the Compiled Laws of North Dakota 1913, having on the 4th day of August, 1920, been filed with the city auditor, protesting against the construction of a waterworks and sewer system, and whereas, many of the lots represented by the signature to such protests are subject only to indirect or secondary assessments, and such signatures do not represent the majority of the property liable to be directly assessed, and whereas, independent protests were not filed against the waterworks and against the sewer systems, though many of the signers are known to be favorable to one system while opposed to the other, and the petitions do not therefore represent the true wishes of all the signers, and whereas, it is the opinion of the council that the construction of a waterworks and sewer system is necessary for the convenience, health, fire protection, and general welfare of the citizens of Hankinson and their property:

"Now, therefore, be it resolved by the city council of the city of Hankinson, N. D., that the city council having heard and fully considered said protests, do find and determine at this, the first regular meeting after the time set for filing protests against such improvements, that the protests are insufficient and not well taken, and that the petitions be denied.

"Roll call on the resolution resulted as follows: First ward, Brown voting Yes; Burfening voting Yes, Second ward, Solsrud voting Yes; Schuett voting Yes. Third ward, Peitz voting No; Hoffman voting No. Resolution declared carried."

Subsequently contracts were made with W. D. Lovell for the construction of the waterworks system and with the John O'Connor Company for the construction of the sewer system; and prior to the trial said Lovell had. completed all excavation work on the waterworks system and had completed the greater part of the waterworks system, and the city council had approved the estimates of the city engineer and had issued warrants to the said Lovell in the sum of $79,923.53. The city, by condemnation suit, had procured title to a tract of land for the outlet of the sewer. The trial court found, as a fact, that the city of Hankinson had no adequate fire protection, and:

"That the only means of sanitation and disposition of sewage and refuse is by private privies and cesspools; that by reason of the condition of the soil and the general location of said cesspools citizens of Hankinson are in constant jeopardy of spread of typhoid fever and other infection and disease; that there is now in the course of construction in said city of Hankinson a large, modern, fully equipped sanitary school building, the plans of which provide for a system of sanitation, water supply, fire protection, and sewage which can be made available and useful only by the establishment of such waterworks and sewer systems provided herein."

The court further found:

"That there is no evidence to sustain the allegations of fraud and collusion set forth in the complaint, and that there is no evidence except that the defendants have each acted in the utmost good faith."

The first, and principal, contention of the plaintiffs is that the proceedings had subsequent to the filing of protests are invalid. It is pointed out that § 3704, C. L. 1913, provides that such protests must be considered at the next regular meeting of the city council after the expiration of the time for filing a protest; that the first publication of the resolutions of necessity here was made on July 22d; that the time for filing protests expired August 6th; that on August 4th—two days before the expiration of the time in which protests might be filed—a protest signed by some 176 persons was filed; that the statute provides that the regular meetings of a city council shall be held on the first Monday of each month; that the next regular meeting of the city council after August 6th would be on the first Monday of September; that the city council here did not take action upon the protests at such meeting, but took action thereon at a meeting held August 10th.

As already stated, the evidence shows that all the members of the city council were present at, and participated in, the meeting held August 10th. The evidence also shows that all the plaintiffs were present at such meeting. There is no contention that any of the protestants, or any other person interested, was in any manner misled, or deprived of an opportunity to be heard, on account of the protests being considered at the meeting held August 10th. It does appear that there was present at that meeting such a large number of persons that it became necessary to adjourn the meeting to some public hall in order to accommodate the crowd. Of course, the contention of the plaintiffs that the proceedings of the city council are irregular and invalid because no proper action was taken on the protests is predicated upon the premise that there was in fact a sufficient protest filed, viz. a protest signed by the owners of a majority of the property liable to be specially assessed for the proposed improvement. For the statute provides:

"If the owners of the majority of the property liable to be specially assessed for such proposed improvement shall not, within fifteen days after the first publication of such resolution, file with the city auditor a written protest against such improvement, then the majority of such owners shall be deemed to have consented thereto." § 3704, C. L. 1913.

In the complaint in this case it is alleged that the protests filed were signed by a sufficient number. In the answer it is denied that sufficient protests were filed, and it is alleged that the protests filed were, as a matter of fact, not signed by the owners of a majority of the property liable to be specially assessed for the improvement. Upon the trial the sufficiency of the protests became an issue. Both parties introduced some evidence upon the question. The defendants offered the testimony of the city engineer, who testified that at, and immediately prior to, the time the protests were acted on, he examined the tax lists to ascertain what real property in the city was owned by the protestants, and that he found that the protestants were not the owners of a majority of the property liable to be specially assessed. And upon the trial there was introduced in evidence a certain plat prepared by the city engineer, showing the property owned by the protestants and the property owned by others who did not protest. The city engineer testified that this plat showed the ownership of such property as it appeared on the last tax list on August 10, 1920. The only evidence adduced by the plaintiffs was that of the plaintiff Peitz, one of the aldermen, who testified that he had been a

resident of the city for some 35 years and that he knew that the plat, in certain particulars, was incorrect; that other tracts besides those shown thereon as belonging to the protestants did, in fact, belong to the protestants. This was the only evidence adduced upon this proposition. Leaving all questions as to the competency of the testimony of Peitz wholly on one side, and assuming without deciding that the ownership of the property might be proven in this manner, Peitz's testimony does not prove that the protests were in fact signed by the owners of a majority of the property liable to be specially assessed for the improvement. The plaintiffs' action is predicated upon alleged irregularities in the proceedings before the city council. As already indicated, the principal irregularity averred is that the city council proceeded in disregard of a valid protest. Manifestly the plaintiffs had the burden of establishing that a sufficient protest was filed. Hamilton, Special Assessments, §§ 694, 736, 569, 558, 432; McQuillin, Municipal Corporations, §§ 2117, 2010. That burden has not been sustained. And while the evidence is not satisfactory, the only deduction that can reasonably be made from the evidence in this case is that the protests were not signed by the owners of a majority of the property liable to be specially assessed for the improvement.

It is next contended that there is evidence tending to establish that the city council acted fraudulently. There is no contention, however, that there is any direct evidence of fraud. But it is asserted that the city engineer was largely responsible for the action of the council; and it is said that—

"Usually the engineer has some friend contractor with whom he is dealing or in whose business he has a direct interest, and instead of representing the city and guarding its interests he is really in 'cahoots' with the contractor."

The evidence does not, however, establish any such condition. There is, in our opinion, no evidence of fraud, and we fully agree with the findings by the trial court on this question.

It is said that the improvements are too expensive, and are of doubtful value. These, of course, are administrative or legislative, and not judicial, questions. 25 R. C. L. p. 99; McQuillin, Mun. Corp. § 2004. There are few, if any, municipal improvements constructed but that some one questions the necessity or reasonableness thereof. The power to determine these questions is conferred upon the city council. The court

may inquire into the acts of the council to ascertain whether they have acted according to law, but the court may not substitute its judgment for the judgment of the city council as to the wisdom or expediency of the improvement.

Judgment affirmed.

BRONSON and BIRDZELL, JJ., concur.

GRACE, C. J., concurs in the result.

ROBINSON, J., dissents.